UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YESCENIA CORRALES,

     Petitioner(s),

  v.

ICE FIELD OFFICE DIRECTOR,

     Respondent(s).

CASE NO. C26-1223-KKE

ORDER REQUIRING SUPPLEMENTAL
BRIEFING AND RECORDS

Petitioner Yescenia Corrales is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 4 at 1. She has filed a petition for a writ of habeas corpus and seeks release from immigration custody. *See id.* Petitioner claims that she is not subject to mandatory detention under 8 U.S.C. § 1226(c), and that instead, 8 U.S.C. § 1226(a) governs her detention. *Id.* at 3–4. In its return memorandum, the Government asserts that Petitioner is mandatorily detained pursuant to 8 U.S.C. 1225(b). *See* Dkt. No. 7. Apart from the declaration of a deportation officer who summarily states Petitioner is subject to mandatory detention under § 1225(b), the Government provides no documentary evidence from which the Court could discern the section of the Immigration and Nationality Act ("INA") that governs Petitioner's detention.

Petitioner filed a reply and attached several documents, including the Notice to Appear ("NTA") that was issued to her on March 27, 2026. Dkt. No. 11-1 at 4. The NTA notes that

ORDER REQUIRING SUPPLEMENTAL BRIEFING AND RECORDS - 1

Petitioner is a noncitizen "present in the United States who has not been admitted or paroled." *Id.* As many courts in this District have observed, such classification is evidence that Petitioner is not detained under 8 U.S.C. § 1225(b), but rather, § 1226(a). *See e.g.*, *Barrios Osorio v. Bondi*, 2:26-CV-00317-JNW, 2026 WL 607765, at *2 (W.D. Wash. Mar. 4, 2026) (collecting cases). Given the thin evidentiary record before it, the Court will order the Government to file documents from Petitioner's A-File, and/or bond orders or memoranda issued by the immigration judge, if any, that clarify the legal basis for Petitioner's detention.

The Government should additionally clarify whether Petitioner was ever released on bond or otherwise between her period of incarceration at the Federal Detention Center and the commencement of her immigration custody by ICE, and whether Petitioner has had a bond hearing at any point. If there has been a bond hearing, the Government should specify when that hearing took place and the outcome of said hearing. Petitioner may, but is not required to, offer supplemental briefing on any of the above identified issues.

In sum, the Court ORDERS as follows:

1. The Government is ORDERED to provide supplemental briefing on the identified issues no later than May 28, 2026. Petitioner may, but is not required to, file a supplemental brief no later than June 4, 2026.

2. The Government is ORDERED to file any documentary evidence that may clarify the detention authority that applies to Petitioner no later than May 28, 2026.

Dated this 14th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER REQUIRING SUPPLEMENTAL BRIEFING AND RECORDS - 2